**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

CASE NO:

BRENDA BRAVO,

    Plaintiff,

v.

FLS PAINTING CORP., and
FRANK SAVASTA, individually,

    Defendants.
_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, BRENDA BRAVO ("Plaintiff") pursuant to 29 U.S.C. § 216(b) files the following Complaint for Damages and Demand for Jury Trial against Defendants, FLS PAINTING CORP. (hereafter "FLS") and FRANK SAVASTA, individually (hereafter "SAVASTA") (FLS and SAVASTA collectively "Defendants") and alleges the following:

**INTRODUCTION**

1. Defendants unlawfully deprived Plaintiff of overtime compensation during the course of her employment. This action arises under the Fair Labor Standards Act ("FLSA") pursuant to *29 U.S.C. §§ 201–216*, to recover all overtime wages that Defendants refused to pay Plaintiff during the past three (3) years.

**PARTIES**

2. During all times material hereto, Plaintiff was a resident of Broward County, Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant, FLS, was a Florida for-profit company transacting business within Fort Lauderdale, Florida, within the jurisdiction of this Honorable Court.

4. Defendant, FLS, is headquartered at 222 Yamato Road, Boca Raton, FL 33431.

5. Defendant, FLS, was Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

6. During all times material hereto, Defendant, SAVASTA, was the owner and operator of FLS.

7. During all times material hereto, SAVASTA supervised Plaintiff's work on a daily basis, set Plaintiff's schedule, and had the authority to hire and fire FLS employees, including Plaintiff.

8. Defendant, SAVASTA, was also Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

9. During all times material hereto, Defendants, FLS and SAVASTA, were both vested with control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices as it pertained to Plaintiff.

10. Defendants, FLS and SAVASTA were Plaintiff's joint employers, as that term is defined by the FLSA and pertinent regulations.

## JURISDICTION AND VENUE

11. All acts and/or omissions giving rise to this dispute took place within Broward County, Florida, which falls within the jurisdiction of this Honorable Court.

12. Defendants, FLS and SAVATSA regularly transact business in Broward County, Florida. Therefore, jurisdiction is proper within the Southern District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

13. Venue is also proper within the Southern District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

14. Defendant, FLS, is a full-service painting contractor that specializes in both commercial and residential painting jobs.

15. Defendant, SAVASTA, has been the owner and operator of FLS since it began doing business in Florida in 2006.

16. Plaintiff worked for Defendants as a non-exempt, hourly office manager from February 4, 2021 until January 26, 2022.

## FLSA COVERAGE

17. Defendant, FLS, is covered under the FLSA through enterprise coverage, as FLS was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, FLS engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies. FLS's business and Plaintiff's work for FLS affected interstate commerce because the materials and goods that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

18. During her employment with Defendant, FLS, Plaintiff, and various other similarly situated employees handled and worked with various goods and/or materials that moved through interstate commerce, including, but not limited to the following: cell phones, clothing, paint

3

brushes, paint, ladders, pressure washers, drop cloths, scaffolding, lifts, caulk and compound, sandpaper and various scrapers, residential and industrial primers, rollers, paint sprayers, extension poles for paint rollers, paint trays, pencils, pens, paper, tape, keyboards, computers, cables, paperclips, envelopes, telephones, stamps, markers, staplers, staples, invoices, cash, checks, masks, etc.

19. FLS also regularly employed two (2) or more employees for the relevant time period, who handled the same or similar goods and materials handled by Plaintiff, or used the instrumentalities of interstate commerce, or the mails, thus making FLS's business an enterprise covered by the FLSA.

20. Upon information and belief, FLS grossed or did business in excess of $500,000.00 during the years of 2019, 2020, 2021 and is expected to gross in excess of $500,000.00 in 2022.

21. During her employment with Defendants, Plaintiff (i) performed non-exempt work; (ii) did not have supervisory authority over any individuals; (iii) did not make any decisions of importance on behalf of Defendants, and (iv) was not required to possess any advanced training, skill, or prolonged education in order to perform any of her primary duties and responsibilities.

22. During all material times hereto, Plaintiff was a non-exempt employee of Defendants, within the meaning of the FLSA.

### PLAINTIFF'S WORK FOR DEFENDANTS

23. Plaintiff worked for Defendants as an hourly office manager from February 4, 2021 until January 26, 2022.

24. During Plaintiff's employment period, Plaintiff regularly worked more than forty (40) hours per week.

25. However, Defendants automatically deducted one (1) hour per day from Plaintiff for a "meal period."

26. Defendants did not require Plaintiff to clock-out for her meal period and did not otherwise record when (if ever) Plaintiff was relieved of duties for the purposes of having a meal.

27. Plaintiff was regularly required to work through her meal period and was not completely relieved of her duties for a meal, notwithstanding Defendants' automatic 1-hour deduction from Plaintiff each day for a meal period. This resulted in Plaintiff working in excess of 40-hours in certain workweeks and not being fully compensated the appropriate overtime premium.

28. Defendants also regularly required Plaintiff to work off-the-clock during workweeks when she worked forty (40) or more hours.

29. Therefore, Defendants violated the FLSA by deducting 1-hour per day from Plaintiff for a meal period which she was not able to take.

30. As a result of Defendants' intentional and willful failure to comply with the FLSA, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of these claims.

**COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – 29 U.S.C. § 207**

31. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 30 as though set forth fully herein.

32. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

33. Defendants refused to pay Plaintiff one-and-one-half times her regular hourly rate for some hours of work over forty (40) in one or more weeks of her employment.

34. Defendants automatically deducted 1-hour per day from Plaintiff for a meal period which she was not able to take, including during workweeks when Plaintiff worked over forty (40) hours.

35. Defendants knew or should have known that Plaintiff did not take a meal period during weeks when Defendants made automatic lunch deductions and when Plaintiff worked forty (40) or more hours.

36. Defendants knew or should have known of the work Plaintiff performed for Defendants off-the-clock.

37. During all times material hereto, Plaintiff's off-the-clock work was more than de-minimus.

38. Plaintiff therefore claims the applicable federal overtime wage rate for all weekly hours worked over forty (40) during her employment period.

39. Defendants willfully and intentionally refused to pay Plaintiff the applicable federal overtime wages as required by the FLSA, as Defendants knew or should have known of the FLSA's overtime wage requirements.

40. Defendants' willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

41. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, BRENDA BRAVO, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, FLS PAINTING CORP and FRANK SAVASTA, and award Plaintiff: (a) unliquidated damages, payable by Defendants jointly and severally; (b) liquidated damages, payable by Defendants jointly and severally; (c) reasonable

attorney's fees and costs, payable by Defendants jointly and severally; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, BRENDA BRAVO, demands a trial by jury on all appropriate claims.

**Dated this 1st day of February 2022.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
1800 SE 10th Ave, Suite 205
Fort Lauderdale, Florida 33316
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
*Jordan@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on February 1, 2022.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST: